IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERON DAVIS, ID # 552783, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:06-CV-0174-K(BH) |
| v. | § | |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's policy of automatic referral in cases involving *pro se* plaintiffs, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations to the District Court on dispositive motions. The following pleadings are before the Court

(1) *Defendant Dallas County, Texas' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Brief in Support*, filed May 9, 2006;

(2) Plaintiff's *Motion and Brief in Support*, filed July 5, 2005, which the Court construes as a response to Defendant's motion; and

(3) *Defendant Dallas County, Texas' Reply*, filed July 10, 2006.

Having reviewed the pleadings and the applicable law, the Court recommends that *Defendant Dallas County, Texas' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Brief in Support* be **GRANTED**.

**I.   BACKGROUND**

Theron Davis ("Plaintiff") is an inmate currently in the custody of the Texas Department of Criminal Justice. (Compl. at 1.) On November 23, 2005, Plaintiff was working in the jail kitchen. (Compl. at 3-4.) Plaintiff alleges that while pulling a dolly loaded with heavy cookware, he slipped

and fell due to the fact that the kitchen floor was wet and in ill repair, and that he is partially paralyzed due to injuries sustained in the fall. (*Id.* at 4.) On January 31, 2006, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, claiming that Defendant was responsible for unsafe working conditions which resulted in Plaintiff's injury. (Resp. to Mag. Questionnaire at 3.) This Court granted Plaintiff permission to proceed *in forma pauperis* on February 15, 2006.

## II.   ANALYSIS

### A.   *Legal Standard for a 12(b)(6) Motion to Dismiss*

Defendant moves to dismiss the action pursuant to FED. R. CIV. P. 12(b)(6), alleging that Plaintiff has failed to state a claim upon which relief can be granted. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under this standard, a court cannot look beyond the face of the pleadings. *Baker*, 75 F.3d at 196; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). To avoid dismissal, those pleadings must show specific, well-pleaded facts, not mere conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Where a plaintiff proceeds *pro se*, the court is further guided by the general rule that

allegations in a *pro se* complaint are construed more permissively. *See Bannister v. Dal-Tile Intern., Inc.*, 2003 WL 21145739, at *1 (N.D. Tex. May 14, 2003). While *pro se* pleadings are construed liberally, a *pro se* plaintiff still bears the burden "to plead specific facts and proper jurisdiction, pursuant to Rule 8 of the Federal Rules of Civil Procedure." *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990).

### B.     *Plaintiff's Claim Under 42 U.S.C. § 1983*

As noted above, Plaintiff's complaint alleges that he was injured due to hazardous prison conditions in violation of 42 U.S.C. § 1983. Section 1983 provides a right of action against:

> Every person who, under color of any statute, ordinance, regulation, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges, or immunities secured by the Constitution and laws.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although not clearly set forth in his complaint, the Court construes Plaintiff's allegations as a claim that Defendant violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment. The Supreme Court has found that it is "cruel and unusual punishment to hold convicted criminals in unsafe conditions." *Helling v. McKinney*, 509 U.S. 25, 33 (1993); *Youngberg v. Romeo*, 457 U.S. 307, 315-16 (1982).

A plaintiff states a cause of action under the Eighth Amendment when he alleges that a defendant has, with deliberate indifference, exposed him to an unreasonable risk of serious damage to his future health. *Helling*, 509 U.S. at 34. "In order to establish an Eighth Amendment conditions

of confinement claim, [an inmate] would have to establish 'first, that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of the minimal civilized measure of life's necessities); and second, that the prison official possessed a sufficiently culpable state of mind.'" *Burleson v. Texas Dep't of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004) (internal citations omitted). To establish that the official possessed the requisite state of mind, the inmate must show that the official was deliberately indifferent to the inmate's health or safety in that the official (1) was "aware of the facts from which an inference of excessive risk to the prisoner's health or safety could be drawn," and (2) "actually drew an inference that such potential for harm existed." *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (noting that deliberate indifference under the Eighth Amendment occurs only where a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (same). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (*quoting Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)).

Plaintiff alleges that he slipped and fell on a floor that was wet and in ill repair, (Compl. at 4.), and that there should have been signs, ropes, or cones to warn him of the dangerous conditions. (Resp. at 3.) However, Plaintiff does not contend that prison officials were aware that the floor was wet and in ill repair and disregarded those facts despite realizing that the conditions created a risk of serious harm. As a result, Plaintiff's contentions do not rise to the level of deliberate indifference needed to state a claim for relief under 42 U.S.C. § 1983; rather, they sound in negligence, which is not actionable under § 1983. *See Marsh v. Jones*, 53 F.3d 707, 711-12 (5th Cir. 1995) (inmate's

claim for money damages resulting from defendants' failure to warn that a leaking or sweating air conditioning unit made the floor wet was "a garden-variety negligence claim that was not actionable under § 1983"); *Beasley v. Anderson*, 67 Fed. Appx. 242 (5th Cir. 2003) (prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); *Lefall v. Johnson*, 48 Fed. Appx. 104 (5th Cir. 2002)(prisoner's claim that he suffered a back injury after slipping and falling on a wet floor caused by persistent plumbing leaks *of which defendants were aware* was, at most, a claim of negligence which is not actionable under § 1983); *Fields v. Jefferson County Downtown Jail*, 2006 WL 1787964, at *2 (E.D.Tex. June 26, 2006) (slip copy) (where prisoner did not allege that defendants were aware of rain puddle on floor on which he slipped and was injured, allegations did not rise to level of deliberate indifference and stated no more than a claim of negligence); *Quine v. Livingston*, 2006 WL 1662920 (slip copy) (S.D. Tex. June 12, 2006) (inmate's slip and fall claim premised on failure to place "wet floor" signs around ice machine to warn of dangerous conditions constituted a "garden-variety" negligence claim that did not present issue of constitutional dimension). *See also LeMaire v. Mass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (stating that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment").

As Plaintiff has failed to allege a violation of his constitutional rights, his complaint fails to state a claim under § 1983 upon which relief may be granted.

## IV.   RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that *Defendant Dallas County, Texas' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) and Brief in Support*, filed May 9, 2006, be **GRANTED** and that Plaintiff's claims against Defendant be **DISMISSED**, with prejudice

pursuant to FED. R. CIV. P. 12(b)(6).

**SO RECOMMENDED** on this 22nd day of September, 2006.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE